I respectfully dissent from the portion of the majority opinion reversing defendant's conviction in count 2 for attempted escape. This case was tried on only one theory — that defendant attempted to escape from the jail facility. The case was not tried to the jury on the theory that defendant merely attempted to escape from her cell to use a telephone that was within the jail facility. The trial court never instructed the jury that it could convict defendant for attempting to escape from her jail cell. I simply do not agree that an equivocal portion of the jury instruction on attempted escape, which had nothing to do with the way this case was tried, resulted in any prejudice to defendant. *Page 822 
There is no reason to address whether In re Culver
(1968) 69 Cal.2d 898 [73 Cal.Rptr. 393, 447 P.2d 633][1] has any application to the factual situation before this court. Assuming defendant and the majority are correct that Penal Code section 4532, subdivision (b)(2), does not apply to a prisoner who merely intends to escape from the control of a custodial officer to go to some other part of a jail or other institution of confinement, and that the instruction on attempted escape included that improper theory, any error was completely harmless in the context of this trial.
A review of the record demonstrates that from beginning to end, the parties made clear to the jury that this case required proof that defendant intended to escape from the jail facility. At no time during the trial did the prosecution or defense suggest in any way that defendant could be convicted of attempted escape on the theory she was trying to get out of her jail cell to use a telephone that was within the confines of the jail. In other words, the theory of guilt which the majority relies upon to find reversible error was never part of defendant's trial. The record unambiguously demonstrates that defendant was tried and convicted on a proper theory, and there is absolutely no reason to believe the jury relied on any other theory.
The felony information charged defendant in count 2 with attempted escape by force or violence in violation of Penal Code sections 664 and 4532, subdivision (b)(2), describing defendant as a person "who did, while being a person described in Penal Code section 4532, subdivision (b)(2), attempt to escape and escape by force and violence." There is nothing in the language of the charge to suggest defendant might be subject to conviction for anything other than attempting to escape from the jail facility.
In his opening statement, the prosecutor discussed the elements of the charged attempted escape and told the jury he would be required to prove that defendant "attempted to escape by force or violence which will also be proved." In her opening statement, defense counsel told the jury the prosecution would not be able to prove that defendant had the required specific intent to escape. Defense counsel said the evidence would show defendant was asking to use the phone and merely wanted to get out of her jail cell for that purpose. Thus, the opening statements set the stage for a trial in which the jury would decide only one issue — whether defendant had the specific intent to escape from a jail facility. *Page 823 
The issue became even more clearly defined in the arguments of counsel after the evidence was concluded. The prosecutor's argument was clear, concise, and precise as to what theory of attempted escape was involved in this case: "I have toprove to you that defendant specifically was trying to get outof that jail facility." (Italics added.) In fact, the prosecutor went further and eschewed the theory that defendant was guilty merely because she tried to leave her cell to use the telephone. The prosecutor specifically argued that the facts showed defendant was intent on escaping from the jail. "Ladies and gentlemen, it's clear that the defendant'sintent was to get out of that jail." (Italics added.)
In her argument to the jury, defense counsel was every bit as explicit as the prosecutor in framing the issue for the jury. Defense counsel told the jury it would have to find defendant had the specific intent to "get out of that jail. Not outof the cell, out of the jail. Ladies and gentlemen, and youhave to use force or violence to get out of the jail, not thecell. Again, the prosecutor has failed." (Italics added.) Later, defense counsel again told the jury that defendant "was trying to get out of the cell, not the jail." (Italics added.)
As the summary of the charge, opening statements, and arguments to the jury plainly demonstrate count 2 in this case was based on one theory — that defendant was attempting to escape from the jail facility. Neither the prosecution nor defense suggested any alternate theory of guilt.
It is true that the trial court was of the opinion that defendant could be convicted for attempting to escape from the jailers who controlled her at the jail cell, but that opinion was stated outside the presence of the jury. The court at one point informed the jury that defense counsel's explanation of the law was inaccurate, but it did so after defense counsel tried to explain the difference in the burden of proof between criminal and civil cases. Later, during the prosecutor's final argument, the court commented in front of the jury that defense counsel had misstated the elements of "the crime," but did not advise the jury which element of which crime was misstated. The majority opinion does not cite any instance in which the jury was told by the court that a conviction in count 2 could be based on a mere attempt to escape from the jail cell.
It also bears emphasis that the jury instruction with which the majority finds reversible fault was at best equivocal in its description of an alternate theory of guilt. In pertinent part, the jury was instructed that attempted escape is established when a "prisoner arrested and booked for a felony who is confined in city jail in the lawful custody of any officer who attempts to escape by force or violence the lawful custody of that officer. . . ." Later, the instruction advised the jury that one element of the charge in count 2 was that *Page 824 
defendant "attempted to escape with specific intent to escape by force or violence from the jail or the lawful custody of such officer." Again, the instruction does not mention an attempted escape from the jail cell.
I have serious doubts that the jury, after hearing an entire trial that focused on defendant's intent to escape from the jail, would have seized upon a few equivocal words at the end of a jury instruction and applied a theory of guilt that was never once articulated at trial to convict defendant. Whether viewed under the standard of review of People v.Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243] or the more stringent standard of Chapman v. California
(1966) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824], any error had no impact on the verdict and the judgment should be affirmed as to count 2.
In all other respects, I concur in the judgment.
[1] The holding in Culver is that the crime of escape, in violation of Penal Code section 4532, subdivision (b)(2), is not committed unless the defendant has been booked into a jail or comparable facility. (In re Culver,supra, 69 Cal.2d at pp. 900-901.) Culver does not speak to the issue of whether Penal Code section 4532 is violated when a prisoner, after booking, escapes from the control of a custodial officer, although the prisoner remains within the confines of the jail or similar institution. *Page 825